UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THE FRESH MARKET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-770 AS |
| | ) | |
| MARSH SUPERMARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

This matter is currently scheduled for an in-court hearing to begin on September 20, 2005, on Plaintiff's motion for preliminary injunction. On August 15, 2005, Defendant filed a motion to compel the inspection of Plaintiff's land and on August 18, 2005, Defendant filed a motion to bar the expert testimony of Plaintiff's expert, Gary Krugman. On August 24, 2005, Plaintiff filed a motion to strike portions of the expert testimony of Defendant's expert, Dr. Judith Whipple. This Court conducted an in-court hearing on these motions on September 6, 2005. Douglas Rettew and Robert Litowitz appeared for Plaintiff and Charles Meyer appeared for Defendant. For the reasons announced in open court, this Court now enters the following order on the pending motions.

**I.    INSPECTION OF LAND**

In Defendant's motion to compel the inspection of land, Defendant requests that this Court order Plaintiff to allow Defendant into Plaintiff's supermarket to videotape the premises. Plaintiff asserts that the information Defendant seeks is irrelevant. Furthermore, Plaintiff asserts that it has provided one hundred and thirty seven photographs which adequately capture the inside of its stores and negates the need for a videotape.

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)). In addition, Fed. R. Civ. P. 34(a) states

> any party may serve on any other party a request...to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspecting and measuring, surveying, photographing, testing or sampling the property...within the scope of Rule 26(b).

Under the liberal discovery rules, this Court finds that the information Defendant seeks may be relevant to this trademark infringement action because Plaintiff has alleged that Defendant copied the size and concept of its stores. Therefore, because Rule 34(a) allows for the inspection of land and photographing, this Court concludes that videotaping the premises also falls within the scope of Rule 34. Thus, Defendant's motion to compel the inspection of land [Doc. No. 62] is **GRANTED**. However, if, throughout the course of discovery, it becomes apparent that Defendant's inspection was unnecessary or unduly burdensome, Plaintiff may renew its objection and seek the costs associated with the inspection.

**II.    EXPERT TESTIMONY**

Fed. R. Evid. 702 states as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as

>an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 has liberalized the standard for qualifying as an expert witness. Wilson v. City of Chicago, 6 F.3d 1233, 1238 (7th Cir. 1993).  As a threshold matter, courts must examine whether 1) the expert will testify to valid scientific knowledge, and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993); Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) (holding that "the district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case").  In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999), the Supreme Court held that this inquiry must be taken in all matters relating to expert testimony and not only in those which contain scientific testimony.

Courts must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusion is reliable.  See Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 816 (7th Cir. 2004).  A witness does not need to put forth testimony in a scientific or technical manner to be considered an expert.  Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 591 (7th Cir. 2000).  Experts can be qualified to testify based upon personal experience and knowledge, so long as the experience and knowledge is reliable. Kumho Tire, 526 U.S. at 150; Smith, 215 F.3d at 718.  However, offering only a bottom line conclusion does not assist the trier of fact and should not be admitted. Zenith Electronics Corp. v. WH-TV Broadcasting Corp. 395 F.3d 416, 420 (7th Cir. 2005); Lennon v.

Norfolk and Western Ry. Co., 123 F.Supp.2d 1143, 1147 (N.D. Ind. 2000).  It is not the responsibility of the trial court to determine whether the expert's opinion is correct.  Smith, 215 F.3d at 719.  The factual underpinnings of the analysis and the correctness of the conclusions are matters to be determined by the trier of fact.  Id. at 718.

      A.      Defendant's Motion to Bar the Testimony of Gary Krugman

Plaintiff named Gary Krugman, a trademark attorney, as a trademark expert who will testify as to the United States Patent and Trademark Office's ("PTO") internal proceedings.  Defendant does not question Mr. Krugman's credentials.  Rather, Defendant asserts that Mr. Krugman's testimony is merely a restatement of the law.  However, Mr. Krugman's proposed testimony is not merely restating the law, but expanding on the internal procedures used when issuing a trademark.  District Courts in this Circuit have allowed similar testimony so long as the expert does not opine on the ultimate legal question of whether a defendant infringed upon a trademark.  See Sam's Wines & Liquors v. Wal-Mart Stores, 1994 U.S. Dist. LEXIS 13725 (N.D. Ill. Sept. 26, 1994).  Therefore, Mr. Krugman should be allowed to testify at the hearing regarding the PTO's procedures.

In addition, because Defendant is asserting the defense that it relied upon its counsel's advice, Mr. Krugman will testify as to the reasonableness of counsel's advice.  Defendant contends that Mr. Krugman's opinion regarding counsel's advice is conclusory because it examines one letter in a vacuum and does not properly take into account all surrounding circumstances.  Mr. Krugman's opinion is not merely a bottom line statement with no supporting analysis.  Rather, it contains an explanation for his ultimate conclusion.  If Defendant disputes the reasonableness or the value of Mr. Krugman's opinion, Defendant may raise these issues on

4

cross-examination or in final argument.  Defendant's motion to bar Mr. Krugman's expert testimony [Doc. No. 63] is **DENIED**.

        B.      <u>Plaintiff's Motion to Strike Portions of Dr. Judith Whipple's Expert Testimony</u>

Defendant retained Dr. Judith Whipple, a professor who teaches courses in supermarket management, as an expert in customer perception and habits.  Plaintiff seeks to strike portions of Dr. Whipple's testimony because Plaintiff asserts Dr. Whipple is opining as to a legal question, namely, the likelihood of confusion.  However, the Seventh Circuit has held that the likelihood of confusion is a question of fact.  <u>CAE, Inc. v. Clean Air Eng'g, Inc.</u>, 267 F.3d 660, 677 (7th Cir. 2001).  As a result, Dr. Whipple will be allowed to testify as to the factors related to likelihood of confusion.

Furthermore, Plaintiff asserts that Dr. Whipple's testimony is not reliable because she has not conducted a survey regarding customer perception as it pertains to the facts of this case, nor did she verify the existence of third-party uses of the mark.  However, Plaintiff does not dispute Dr. Whipple's qualifications to testify generally about consumer habits. As stated in open court, Plaintiff's arguments against Dr. Whipple's testimony are directed more towards the weight of Dr. Whipple's testimony rather than its admissibility.  Therefore, Plaintiff's motion to strike portions of Dr. Whipple's testimony [Doc. No. 65] is **DENIED**.

**III.** **CONCLUSION**

For the aforementioned reasons, this Court **GRANTS** Defendant's motion to compel the inspection of land.  However, this Court **DENIES** the parties' motions to bar or strike the expert witnesses' testimony [Doc. Nos. 63 & 65].

**SO ORDERED.**

Dated this 7th Day of September, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
